**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

HEALTHCALL OF DETROIT, INC.,

    Plaintiff,

v.    Case No. 21-cv-12697

FARMERS INSURANCE EXCHANGE,

    Defendant.

_____/

**ORDER TERMINATING AS MOOT DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

On March 10, 2022, Plaintiff HealthCall of Detroit, Inc. filed its First Amended Complaint,[1] alleging that Defendant Farmers Insurance Exchange failed to fully pay Plaintiff for the services provided to individuals whose no-fault benefits were handled by Defendant. (ECF No. 14.) Plaintiff asserts three claims, all related to the recent amendments to the Michigan's No-Fault Act. Counts I and II assert that Plaintiff is a medical provider pursuant to Mich. Comp. Law § 500.3157(2), which entitles it to payment at full rate, rather than a provider pursuant to § 3157(7), which only provides for partial reimbursement. (*Id.*, PageID.290-93.) In the alternative, Plaintiff alleges in Count III that "*if* it was found to be a Section 3157(7) provider, then that section cannot be enforced because it is an unconstitutional taking without just compensation." (*Id.*, PageID.285, 293-95) (emphasis in original).

On March 24, 2022, Defendant filed a "Motion to Dismiss First Amended Complaint" under Rule 12(b)(6). (ECF No. 17). On May 11, 2022, Plaintiff filed a "Motion

---

[1] The parties had stipulated to the amendment. (ECF No. 13.)

for Preliminary Injunction," based on the constitutional challenge to § 3157(7) asserted in Count III. (ECF No. 24.)

On September 13, 2022, the parties entered a stipulation for Plaintiff to amend its complaint for the second time. (ECF No. 31.) On September 20, 2022, Plaintiff filed its Second Amended Complaint (ECF No. 32.), which becomes the operative complaint. *See Parks v. Federal Express Corp.,* 1 Fed. Appx. 273, 277 (6th Cir. 2001). The Second Amended Complaint includes additional allegations about recent changes in the landscape of this case – particularly, the Michigan Court of Appeals' ruling in *Andary v. USAA Casualty Ins. Co.*, No. 356487, 2022 WL 3692767 (Mich. Ct. App. Aug. 25, 2022) that the fee schedule in § 3157(7) cannot be applied retroactively. (*Id.*, PageID.851-53, ¶¶163-70.) Plaintiff specifically incorporates the holding in *Andary* as a new basis for reliefs under Counts I and II. (*Id.*, PageID.854-55, ¶¶178, 185-86.) Additionally, Plaintiff has significantly revised Count III, such as by adding references to *Andary* and responding to Defendant's "prior defense to the alleged Taking clause and Due Process violations . . . that [Plaintiff's] participation in the No-Fault system is merely 'voluntary' so [Plaintiff] can simply discharge its No-Fault patients and withdraw from participation in the market." (*Id.,* PageID.858, ¶¶194, 197-99.)

Because the Second Amended Complaint "contains new and different allegations which bear on the merit of [Plaintiff's] claims," the parties' pending motions directed at the First Amended Complaint are now substantively moot. *Sango v. Johnson*, No. CIV.A. 13-12808, 2014 WL 4658379, at *1 (E.D. Mich. May 22, 2014) (Grand, MJ.), *report and recommendation adopted,* No. 13-12808, 2014 WL 4658385 (E.D. Mich. Sept. 17, 2014) (Tarnow, J.), *aff'd* (Nov. 5, 2015) ("[A]ny motions directed at the original

complaint are moot in the face of the filing of the amended complaint."); *see Crawford v. Tilley,* 15 F.4th 752, 759 (6th Cir. 2021) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case.") (citation omitted). To the extent the parties wish to seek similar relief with respect to the Second Amended Complaint, they must file new motions tailored to the allegations in that operative pleading.

Nothing in this order should be construed as an adjudication on the merits of the parties' claims or defenses or impact their substantive rights in any way. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss First Amended Complaint (ECF No. 17) and Plaintiff's Motion for Preliminary Injunction (ECF No. 24) are TERMINATED AS MOOT.

                                                s/Robert H. Cleland  
                                                ROBERT H. CLELAND  
                                                UNITED STATES DISTRICT JUDGE

Dated: September 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2022, by electronic and/or ordinary mail.

                                                s/Lisa Wagner  
                                                Case Manager and Deputy Clerk  
                                                (810) 292-6522

S:\Cleland\Cleland\NTH\Civil\21-12697.HEALTHCALL.TerminateasMootMotions.NH.docx