**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

HEALTHCALL OF DETROIT, INC.,

     Plaintiff,

v.                                    Case No. 21-cv-12697

FARMERS INSURANCE EXCHANGE,

     Defendant.

_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT
PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 20, 2023, the court entered an "Opinion and Order Granting in Part Defendant's Motion to Dismiss and Directing Briefing on Issue of Subject Matter Jurisdiction over State Law Claims." (ECF No. 46.) Therein, the court dismissed Plaintiff Healthcall of Detroit, Inc.'s federal constitutional claims. (Id. at PageID.1120.) The court then asked Plaintiff to brief why the remaining state law claims should not be dismissed for lack of subject matter jurisdiction. (Id.) On April 27, 2023, Plaintiff filed its "Supplemental Brief on Subject Matter Jurisdiction." (ECF No. 48.) On May 4, 2023, Defendant filed a response. (ECF No. 50.) Plaintiff did not file a reply.

The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court finds that there is no complete diversity between the parties to confer original jurisdiction on Plaintiff's state law claims. Additionally, even if the federal constitutional claims were resurrected[1], the

---

[1] Plaintiff filed a "Motion for Reconsideration," asking the court to reverse its dismissal of the federal claims. (ECF No. 51.)

court would still decline supplemental jurisdiction over Plaintiff's state law claims because they raise novel, complex, and predominating state law issues. Accordingly, Plaintiff's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## I.  BACKGROUND

The background of this matter has been fully set forth in the court's April 20, 2023 Opinion and Order. (ECF No. 46, PageID.1110–12.) It is incorporated here.

## II.  STANDARD

Federal courts are bodies of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Thus, the court "ha[s] a duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). "The question of subject matter jurisdiction may be raised at any time, whether at the suggestion of the parties or *sua sponte* by the court." *Lexington-Fayette Urban County Gov't Civil Service Comm'n v. Overstreet,* 115 F. App'x 813, 816 (6th Cir.2004).

Here, Defendant has made a factual attack against the existence of subject matter jurisdiction. (ECF No. 38, PageID.1023; ECF No. 50). Thus, "no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (1994) (internal citation omitted). "[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to

2

resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The "[p]laintiff bears the burden of establishing that subject matter jurisdiction exists," and factual findings made by the court to "are reviewed for clear error." *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014).

## III. DISCUSSION

### A.  Diversity Jurisdiction

Plaintiff's Second Amended Complaint asserts that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 32, PageID.816.) Under this provision, diversity jurisdiction requires that (1) the matter in controversy exceed $75,000 and (2) complete diversity exist between the disputing parties. 28 U.S.C. § 1332(a). As indicated in the court's April 20, 2023 Opinion and Order, the court sees no issue with the amount in controversy prong of the test. (ECF No. 46, PageID.1119). However, as explained below, a complete diversity between the parties is lacking.

The parties agree that "reciprocal insurance exchanges are 'unincorporated associations'", which "has the citizenship of all of its members." (ECF No. 48, PageID.1154; *see* ECF No. 50, PageID.1346.) However, they differ on who the "members" are. (ECF No. 48, PageID.1154; ECF No. 50, PageID.1346.) On one hand, Plaintiff, while offering no specific position as to who the "members" of a reciprocal insurance exchange are, posits that they are not policyholders (or subscribers). (ECF No. 48, PageID.1160.) In so doing, Plaintiff proposes that the court follow two out-of-circuit cases: *Garcia v. Farmers Ins. Exch.*, 121 F. Supp. 2d 667 (N. D. Ill. 2000) and *Erie Exch. v. Davenport Insulation, Inc.*, 616 F. Supp. 2d 578 (D. Md. 2009). (ECF No. 48, PageID.1155–56.) On the other hand, Defendant advances the position that a

3

reciprocal insurance exchange has the citizenship of its policyholders. (ECF No. 50, PageID.1346–49.)

The court will not, as Plaintiff suggests, follow *Garcia* and *Davenport*, which many courts have observed to be "against the greater weight of authority." *Erie Ins. Exch. v. Electrolux Home Prod., Inc.*, No. 3:10CV615, 2011 WL 2945814, at *2 (W.D.N.C. July 15, 2011); *Brunson v. Erie Ins.*, No. CIV. WDQ-12-2152, 2013 WL 1316947, at *3 (D. Md. Mar. 27, 2013) ("The Court agrees with many others that *Davenport* and *Garcia* are 'against the greater weight of authority.'") (citation omitted); *Erie Ins. Exch. v. Dell Inc.*, No. 420CV00031TWPDML, 2020 WL 3045903, at *4 (S.D. Ind. June 5, 2020) ("[T]his Court finds [*Garcia* and *Davenport*] to be against the greater weight of authority."); *Salvi v. Erie Ins. Exch.*, No. 3:12-CV-150, 2012 WL 1715910, at *2 (E.D. Va. May 15, 2012) (finding "that *Davenport* and *Garcia* are against the greater weight of authority and longstanding recognition that reciprocal insurance exchanges 'do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member.'") (citation omitted); *see also Erie Ins. Exch. v. Potomac Elec. & Power Co.*, No. CIV.A. DKC 14-0485, 2014 WL 1757949, at *3 (D. Md. Apr. 29, 2014) ("[*Garcia* and *Davenport*] appear to be the only two cases to have found that a reciprocal insurance exchange's policyholders are not its citizens for diversity purposes."); *Staggs v. Farmers Ins. Exch.*, No. 3:15-CV-01502-MC, 2016 WL 1725302, at *3 (D. Or. Apr. 27, 2016) (characterizing *Garcia* holding as "the minority rule"). As Plaintiff acknowledges, "[t]wo unpublished opinion in the Eastern District of Michigan have agreed with [Defendant's] contention that the citizenship of a reciprocal inter-insurance exchanged is determined by the citizenship of its policyholders: *Brown v. Farmers Insurance*

*Company*, [No. 06-13693,] 2007 WL 496669, at *3 (E.D. Mich. Feb. 13, 2007) [(Robert, J.),] and *Hartfield* [*v. Farmers Ins. Exch.*, No. 11-13719, 2013 WL 136235, at *3 (E.D. Mich. Jan. 10, 2013) (Zatkoff, J.)]." (ECF No. 48, PageID.1155.) Additionally, *Davenport* and *Garcia* are also unpersuasive because, like Plaintiff here, they do not identify who, if not the policyholders, are the members of a reciprocal insurance exchange. *See Brunson*, 2013 WL 1316947, at *3 ("In light of *Davenport's* and *Garcia's* failure to identify the members of a reciprocal insurance exchange, the Court is convinced by the numerous courts that have held that the members of a reciprocal insurance exchange are their policy holders.")

The only reason offered by Plaintiff for the court to go "against the greater weight of authority" is that it "renders companies like [Defendant] essentially immune from diversity jurisdiction." (ECF No. 48, PageID.1157.) "Be that as it may, until some such modification is enacted as law, th[e court] cannot find diversity as a basis for exercising its jurisdiction over this case or comparable cases." *James G. Davis Const. Corp. v. Erie Ins. Exch.*, 953 F. Supp. 2d 607, 612 (D. Md. 2013). "[A]ny alteration to the rule must come from Congress." *Nevada Cap. Ins. Co. v. Farmers Ins. Exch.*, No. 2:12-CV-02166-APG, 2014 WL 6882342, at *2 (D. Nev. Dec. 4, 2014) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990)); *Staggs v. Farmers Ins. Exch.*, No. 3:15-CV-01502-MC, 2016 WL 1725302, at *3 (D. Or. Apr. 27, 2016) ("[A]lthough there are arguably flaws to the rule that an unincorporated association has the citizenship of its members, it is Congress's responsibility to change the law.").[2] Accordingly, the court will follow

---

[2]      In fact, federal courts have inferred a congressional intent to leave the rule governing citizenship of unincorporated entity in non-class diversity actions undisturbed, since Congress added subsection 1332(d)(10) to Title 28 to specify the citizenship of an

"federal district courts' near-uniform acceptance of the principles that (1) define reciprocal insurance exchange policyholders as 'members' and (2) determine that such insurance exchanges bear the citizenship of its members." *Hartfield*, 2013 WL 136235, at \*4.

The court now moves to Plaintiff's challenge to Defendant's assertion that it is a reciprocal insurance exchange because it took different positions in other cases, including those filed in this district. (ECF No. 48, PageID.1157). Plaintiff's contention is not taken lightly. Other federal courts have noticed and been troubled by "Defendant 'strategically and self-servingly' argu[ing] opposing theories of diversity jurisdiction." *McKenzie v. Farmers Ins. Exch.*, No. CV 17-4011, 2018 WL 801597, at \*4 (D.S.D. Feb. 8, 2018); *Staggs v. Farmers Ins. Exch.*, No. 3:15-CV-01502-MC, 2016 WL 1725302, at \*4 (D. Or. Apr. 27, 2016). However, like those courts, the court cannot ignore the applicable law here and the fact that "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland Ltd v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that consent of the parties and principles of waiver and estoppel do not apply to subject matter jurisdiction).

Ultimately, it is Plaintiff's burden to prove complete diversity. Plaintiff has not presented any evidence showing that Defendant is not a reciprocal insurance

---

unincorporated association for class actions. *Nevada Cap. Ins. Co.*, 2014 WL 6882342, at \*2 ("Congress abrogated the rule for certain class actions under the Class Action Fairness Act of 2005 . . . But Congress did not make a similar alteration to the federal courts' general diversity jurisdiction."); *Potomac Elec. & Power Co.,* 2014 WL 1757949, at \*3, n.1 (If anything, Congress's action in [the Class Action Fairness Act of 2005] illustrates that when it wants to restrict diversity citizenship in this manner it knows how to do so. The fact that it has not for non-class actions suggests that the normal rule remains in place."); *Staggs*, 2016 WL 1725302, at \*4 (making similar observations).

exchange, other than Defendant's conflicting statements from other lawsuits. "In the Sixth Circuit, a court errs if it makes a ruling solely on judicial admissions[3] from a prior proceeding." *Watermark Senior Living Ret. Comtys., Inc. v. Morrison Mgmt. Specialists, Inc.*, No. 17-11886, 2020 WL 7338578, at *6 (E.D. Mich. Dec. 14, 2020) (Goldsmith, J.) (citing *Cadle Co. II v. Gasbusters Prod. I Ltd. P'ship*, 441 F. App'x 310, 315 (6th Cir. 2011)). To the contrary, Defendant has submitted proofs showing that it is a California reciprocal insurance exchange. (ECF No. 50, PageID.1344–45; ECF No. 50-2). Plaintiff has further failed to show that Defendant has no policyholder in Michigan, while Defendant has proffered argument showing that it does (ECF No. 50, PageID.1350.) In short, Plaintiff has not met its burden of establishing diversity jurisdiction.

**B. Supplemental Jurisdiction**

Plaintiff also contends that the court should retain supplemental jurisdiction, especially if the federal constitutional takings claims were reinstated should the court grant Plaintiff's motion for reconsideration. (ECF No. 48, PageID.1160-61.) Supplemental jurisdiction is provided for under 29 U.S.C. § 1367(a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Under 28 U.S.C. §1367(c), the court "may decline to exercise supplemental jurisdiction over a claim" even where it arguably has supplemental jurisdiction under 28 U.S.C. §1367(a) if:

---

[3]     "Judicial admissions . . . are formal admissions in the pleadings of a present action, 'which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Cadle Co. II*, 441 F. App'x at 312.

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"[P]endant jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over the state claims." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). As the Supreme Court has explained:

> Depending on a host of factors []—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute [§1367(c)] thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Here, even assuming that the federal takings claims were reinstated, the court would still decline to exercise supplemental jurisdiction over Plaintiff's state law claims because they raise "novel or complex issue[s] of state law." 28 U.S.C. § 1367(c)(1). Specifically, Plaintiff's state claims ask the court to interpret and apply a newly enacted Michigan law, the validity and application of which are currently in question in front of the state's Supreme Court. *Andary v. USAA Cas. Ins. Co.,* 979 N.W.2d 823 (Mich.

8

2022); *James v. Hampton*, 592 F. App'x 449, 462 (6th Cir. 2015) ("It was reasonable for the district court to conclude that a novel and complex state law issue made the exercise of its jurisdiction over all of James's state law claims unwise.") Additionally, Plaintiff's state law claims substantially predominate its federal takings claims. The issues involved in a claim under the Takings Clause of the Fifth Amendment are not what need to be addressed for Plaintiff's state law claims. The latter include not only pending issues before the Michigan Supreme Court but also the reasonableness of rates charged by Plaintiff and the interpretation of Mich. Comp. Laws § 500.3157(2), which Plaintiff does not allege to be federally unconstitutional. Thus, Plaintiff's state law claims may substantially expand the scope of this case beyond that necessary and relevant to the federal takings claim. Meanwhile, this case is still in its infancy and discovery has not commenced, so relatively little time and effort have been expended on litigating the state claims.

As such, even if the federal claims were reinstated, the interests against needlessly deciding novel and complex state law issues in this instance would outweigh the desire to avoid delay, increased costs, and multiplicity of litigation. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (citing *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)). Accordingly, the court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. They will be dismissed without prejudice.

**IV. CONCLUSION**

IT IS ORDERED that, to the extent that they pertain to Plaintiff's request for a declaratory judgment on state law issues, Count I and Count II of the Second Amended Complaint, are dismissed without prejudice for lack of subject matter jurisdiction.

<u>s/Robert H. Cleland    /</u>
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\21-12697.HEALTHCALL.DismissStateClaims.NH.EKL.docx

10